KaplaN, Mitchell H., J.
This action arises out of defendant, Chicago Title Insurance Company’s (“Chicago Title”), refusal to provide coverage under a title insurance policy purchased by the plaintiff, David A. Dulac. The case is before the court on Chicago Title’s motion for summary judgment. For the reasons summarily described below that motion is DENIED.
DISCUSSION
Dulac purchased a two-family home in Millville in February 1996. At that time, he also purchased the title insurance policy at issue here. Chicago Title’s agent for the sale of the policy was the attorney for the institution financing Dulac’s purchase. In 2006, Dulac undertook to turn the property into two condominium units and then to sell one of them. The prospective buyer of one of these units allegedly backed out of the purchase because of a perceived defect in title to the property. Dulac made a claim under the policy, and Chicago Title declined coverage.
This case turns on the applicability of an exclusion to coverage set out in Schedule B to the policy. Schedule B (entitled exclusions to coverage) states, in relevant part: “(t]his policy does not insure against loss or damage by reason of the following: ... 7. Exception for Notice of Land Court Petition recorded with the Worcester Registry of Deeds at Book 13029, Page 124. Note: This policy affirmatively insures against loss or damage as a result of the attempted assertion of paramount title due to any matter set forth in said Petition.” It is undisputed that this registration petition was filed in 1990, well before Dulac purchased the property, but never resulted in the property being *200 registered, nor was it withdrawn. Dulac’s complaint attaches an opinion by the land court examiner apparently assigned to the matter which identified a likely defect in the title to a portion of the property.
Chicago Title argues that exclusion number 7 excludes from coverage any defect in title reflected in the Land Court proceedings, which it contends includes the examiner’s opinion. If that is the meaning of exclusion number 7, as quoted above, then Chicago Title was entitled to deny coverage. While that is an interpretation of exclusion number 7, it certainly is not literally what the exclusion says. Most notably, the “exception” references only the petition and not any other proceedings or filings. Dulac argues that the interpretation offered by Chicago Title is not reasonable, or the only interpretation, although Dulac does not specifically offer an alternative interpretation. Dulac points to the fact that an owner of the property could withdraw the petition and asserts that would make the notice of the petition a nullity (but not eliminate the problem with the title). The court finds that exclusion no. 7 is ambiguous as applied to the facts of this case. It may have been the insurer’s shorthand way of referencing a particular title defect, but that does not mean that a lay purchaser would have understood it that way. A question of fact therefore exists as to what the parties understood the exclusion to mean at the time the policy issued. Although an ambiguity is generally construed against an insurer, this exclusion is not part of a preprinted form, and it is possible that Dulac understood the exclusion in the manner that Chicago Title now explains it. In this regard, the court notes that Dulac does not offer another specific interpretation.
The court believes that there is also a question as to whether the policy covered the specific loss alleged in the complaint — the loss of the prospective sale of the condominium unit to a specific purchaser. Even if exclusion number 7 was ineffective in excluding loss arising from the defect in title identified in the examiner’s opinion, if the prospective purchaser saw nothing more than an unresolved and unwithdrawn notice of a petition to register the property and backed out of the sale, without looking to see if there was a title defect of any materiality that caused the problem, the language of the policy might be sufficient to exclude that loss (a loss arising exclusively out of the existence of the notice), while still covering the costs of curing the defect in title (which counsel suggested during oral argument has since occurred). In any event, if it is eventually determined that Chicago Title breached its contract with Dulac, the amount of damage suffered by him presents questions of fact.
Because summary judgment has not entered on the breach of contract claim, the court also denies the motion to dismiss the Chapter 93A claim. The court acknowledges that its finding that the exclusion is ambiguous could have some bearing on the eventual outcome of that claim.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is denied.